IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TANIA M. MARTIN-MERCADO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-743-SDJ-KPJ |
| § | |
| WELLS FARGO BANK, N.A., *et al.*, § | |
| § | |
| Defendants. § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Plaintiff Tania M. Martin-Mercado's ("Plaintiff") Motion for Temporary Restraining Order (the "TRO Motion") (Dkt. 7) filed August 23, 2023, wherein Plaintiff requests a temporary restraining order ("TRO") to prevent Defendants UMB Bank National Association, not in its individual capacity, but solely as legal title trustee for LVS Title Trust XIII ("UMB"), and Rushmore Loan Management Services, LLC ("Rushmore") from proceeding with a foreclosure sale of Plaintiff's property, 3312 Shadow Wood Circle, Highland Village, Texas 75077 (the "Property"), on September 5, 2023.[1] *See id.* at 5–6. For the reasons that follow, the Court recommends the TRO Motion (Dkt. 7) be **DENIED AS MOOT**.

I.  BACKGROUND

On July 12, 2023, Plaintiff filed her petition (the "Petition") (Dkt. 3) in the 362nd Judicial District Court, Denton County, Texas against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), UMB, and Rushmore (together, "Defendants") for breach of contract, failure of condition precedent, common law fraud, violations of Real Estate Settlement Procedures Act ("RESPA")

---

[1] Plaintiff styles her TRO Motion (Dkt. 7) as one made "ex parte." However, attached to the TRO Motion (Dkt. 7) is a Certificate of Service and Certificate of Conference, in which Plaintiff represents that she served the TRO Motion (Dkt. 7) and attempted to confer with UMB and Rushmore. *See id.* at 7.

1

and Regulation X of the Code of Federal Regulations, and violations of the Texas Fair Debt Collection Practices Act. *See* Dkt. 3 at 19–20. On August 16, 2023, UMB and Rushmore removed this action to federal court pursuant to 28 U.S.C § 1331. *See* Dkt. 1 at 1.

On August 22, 2023, U.S. District Judge Sean D. Jordan referred this matter to the undersigned for all pretrial proceedings. *See* Dkt. 6 at 1. On August 23, 2023, Plaintiff filed the TRO Motion (Dkt. 7) requesting a TRO to enjoin UMB and Rushmore from conducting a foreclosure sale of the Property on September 5, 2023, because "[t]here is no adequate remedy at law available to Plaintiff, as legal remedies against these Defendants will be illusory because these Defendants intend to proceed with the foreclosure sale of . . . [the Property], which is unique and irreplaceable." *Id.* at 4. On August 23, 2023, the Court ordered UMB and Rushmore to file an expedited response to the TRO Motion (Dkt. 7) by August 25, 2023, at 12:00 p.m. *See* Dkt. 8 at 1. On August 25, 2023, UMB and Rushmore filed a response (Dkt. 9) "stipulat[ing] that they will not proceed with a foreclosure sale on September 5, 2023, as had been previously noticed" and arguing that Plaintiff's requested relief is now moot. *Id.* at 1–2.

## II.     LEGAL ANALYSIS

A party seeking a temporary restraining order ("TRO") or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) an injunction is in the public interest. *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 21 (2008)). The movant has the burden of introducing sufficient evidence to justify the granting of a preliminary injunction or temporary restraining order. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005). Injunctive relief "should only

be granted if the movant has clearly carried his burden of persuasion on all four factors." *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 681 (N.D. Tex. 2015) (citing *Miss. Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The decision to grant or deny an injunction is "left to the sound discretion of the district court." *Id.* (citing *Miss. Power & Light*, 760 F.2d at 621).

In the present case, Plaintiff's requested relief—an enjoinment of the foreclosure sale on September 5, 2023—is now moot, as UMB and Rushmore stipulate that they have canceled the noticed sale. *See Bejjani v. Wilmington Tr. Co.*, No. H-10-2727, 2011 WL 3667569, at *6 (S.D. Tex. Aug. 22, 2011) (finding "request for injunctive relief is moot because the anticipated foreclosure sale was cancelled" (citing *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2009, pet. denied))); *Harris v. Cenlar FSB*, No. 4:19-CV-00639-P, 2019 WL 5578572, at *6 (N.D. Tex. Oct. 29, 2019) (same).[2]

As there is no longer the threat of irreparable harm in the absence of preliminary relief, Plaintiff cannot demonstrate all the required elements necessary for a TRO. This action may therefore proceed with the adjudication of Plaintiff's claims.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the TRO Motion (Dkt. 7) be **DENIED AS MOOT**.

---

[2] Dismissing injunctive relief as moot could present a situation that is capable of repetition, yet evading review because Defendants could later foreclose on the Property despite their stipulation "that they will not proceed with a foreclosure sale." Dkt. 9; *see McCullough v. Wells Fargo Bank, N.A.*, No. 5:18-CV-01066-FB, 2019 WL 612995, at *6 (W.D. Tex. Jan. 15, 2019) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 318–19 (1974)), *R. & R. adopted*, 2019 WL 609766 (W.D. Tex. Feb. 6, 2019). However, if this threat arises, Plaintiff is free to seek injunctive relief once again.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of September, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE